

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL LOISEAU,

    Plaintiff,

v.                                        Civil Action No. 3:14CV615

MATTHEW B. LOWERY,

    Defendant.

**MEMORANDUM OPINION**

Michael Loiseau, a Virginia inmate, has submitted this civil action under 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A. Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader

is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate

3

and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Summary of the Complaint**

Loiseau names as the sole defendant, Matthew Lowery, "the Commonwealth Attorney for the County of Spotsylvania[,] Virginia." (Compl. 2) Plaintiff asserts that during the course of his criminal trial, Lowery failed to disclose exculpatory DNA evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). (Id. at 4.) Loiseau demands declaratory and monetary relief. (Id. at 6-7.)

**C. Analysis**

**1. Prosecutorial Immunity**

Prosecutorial immunity bars Loiseau's claims for monetary damages against Defendant Lowery. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," Kalina v. Fletcher, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a

4

functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (citation omitted); Carter v. Burch, 34 F.3d 257, 261-63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley, 509 U.S. at 273.

Loiseau seeks to hold Defendant Lowery liable for withholding allegedly exculpatory evidence. Loiseau fails to allege facts that suggest Defendant Lowery's actions in Loiseau's criminal proceedings were actions taken outside of his role as an advocate for the Commonwealth. See Carter, 34 F.3d at 263 (holding that a state prosecuting attorney is absolutely immune from liability for damages for conspiring with police officers to present false testimony and for withholding exculpatory evidence prior to trial). Thus, Loiseau's claim for monetary damages against Defendant Lowery is foreclosed, and will be dismissed.

Nevertheless, "prosecutors are not immune from suit as to requests for declaratory or injunctive relief." Blakeney v. Marsico, 340 F. App'x 778, 779 (3d Cir. 2009) (citing Supreme

5

Court of Va. v. Consumers Union of the U.S., 446 U.S. 719, 736 (1980); Jorden v. Nat'l Guard Bureau, 799 F.2d 99, 110 (3d Cir. 1986)). As explained below, Loiseau's request for declaratory relief is barred by Heck v. Humphrey and related cases.

### 2. Heck v. Humphrey

The premise of Loiseau's claims, namely the notion that he may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence as well as monetary damages stemming from the purportedly improper incarceration, "is legally frivolous in light of Heck v. Humphrey, 512 U.S. 477 (1994), and related cases." Payne v. Virginia, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In Heck, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486. The Supreme Court then held that:

> [A] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

6

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In Edwards v. Balisok, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. See 520 U.S. 641, 646 (1997). The Supreme Court has explained that Heck and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

With the legal standard fully explicated, the first question this Court must examine is whether Loiseau's claims necessarily imply the invalidity of his sentence. Heck, 512 U.S. at 487. Loiseau contends that Defendant Lowery failed to disclose material exculpatory evidence in violation of Brady. Louiseau does not articulate, and the Court does not discern, how he could both prevail on such a claim and not simultaneously invalidate the fact of his confinement. See Skinner v. Switzer, 131 U.S. 1289, 1300 (2011).

7

Because success on his claim necessarily implies invalid confinement, under the second prong of the Heck analysis, Loiseau must demonstrate a successful challenge to his current conviction. Heck, 512 U.S. at 487. Loiseau presents no allegation that the state court has invalidated his current convictions or sentence. Id. at 486-87. Thus, Heck bars Loiseau's claims for declaratory and monetary relief. Accordingly, the present action will be dismissed as legally frivolous.

The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of this Memorandum Opinion to Loiseau.

It is so Ordered.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: March 27, 2015
Richmond, Virginia